1   **BUNTROCK HARRISON & GARDNER LAW, PLLC**
2158 N. Gilbert Road, Suite 119
2   Mesa, Arizona  85203-2111
Telephone     (480) 664-7728
3   Facsimile     (480) 668-3110
**Shane D. Buntrock, Esq. – SBN 019693**
4   Email          shane@bhglaw.com
**Devon Miller, Esq. – SBN 025632**
5   Email:         devon@bhglaw.com
*Attorneys for Plaintiff*

6

7                    **UNITED STATES DISTRICT COURT**

8                   **FOR THE DISTRICT OF ARIZONA**

9   United Air Ambulance, LLC, an Arizona        Case No.:
limited liability company,
10
Plaintiff,                   **COMPLAINT**
11
*vs.*                            (1) Breach of Contract
12                                            (2) Breach of Covenant of Good Faith
Cerner Corporation, a Delaware                     & Fair Dealing
13      corporation;                          (3) Promissory Estoppel
The Health Exchange, Inc. d/b/a Cerner        (4) Unjust Enrichment
14      HealthPlan Services, a Missouri       (5) Declaratory Judgment
corporation;
15   GlobalCare Inc., a Delaware corporation;    **[Jury Trial Demanded]**
John Does I-X;
16   Jane Does I-X;
Black Corporations I-X; and
17   Grey Partnerships I-X,

18                    Defendants.

19

20

21         United Air Ambulance, LLC ("UAA") brings this action against Defendants

22   Cerner Corporation ("Cerner"), The Health Exchange, Inc. d/b/a Cerner HealthPlan

23   Services ("HealthPlan"), and GlobalCare, Inc. ("GlobalCare"), and hereby alleges:

24                               **NATURE OF THE SUIT**

25         1.      This is an action for damages for breach of contract, breach of the implied

26   covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, and

declaratory judgment due to the Defendants' refusal and failure to pay for medically-necessary and pre-approved air ambulance services provided by UAA to K.M., a minor on March 21, 2017 after Defendants determined the services were medically necessary.

## PARTIES

2.      UAA is a provider of specialty air ambulance services with its principal place of business in Chandler, Arizona.

3.      Upon information and belief, Defendant Cerner is a Delaware corporation with its principal place of business in Kansas City, Missouri and doing business in Arizona.

4.      Upon information and belief, Defendant HealthPlan is a Missouri corporation with its principal place of business in Kansas City, Missouri and doing business in Arizona.

5.      Upon information and belief, Defendant GlobalCare is a Delaware corporation with its principal place of business in Bedminster, New Jersey and doing business in Arizona.

6.      At the present time, John Does I-X and Jane Does I-X, Black Corporations I-X and Grey Partnerships I-X are unknown and are intended to be the fictitious names of additional persons participating and otherwise responsible for events and allegations set forth in this complaint and whose identity cannot be reasonably determined at this time. Once their identities are known, leave to amend will be sought to have their true names added.

## JURISDICTION

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2

**VENUE**

8.      Venue in this court is proper because UAA is an Arizona limited liability company and the Defendants are doing business in the State of Arizona. The Parties entered into a contract in the State of Arizona and the events giving rise to the claims occurred in the State of Arizona.

**GENERAL ALLEGATIONS**

9.      UAA is an air ambulance service provider.

10.     Upon information and belief, Defendant Cerner is the administrator of the Cerner Corporation Wraparound Benefits Plan (the "Plan").

11.     Upon information and belief, Defendant HealthPlan is the Claims Administrator for the Plan.

12.     K.M. (the "Patient") is the minor child of Kurt G. Mead, a participant in the Plan and is the individual that received the air ambulance services.

13.     The Plan provides health and medical benefits to Defendant Cerner's eligible employees and their dependents, including the Patient.

14.     On or about February 21, 2017—before UAA provided any emergency air medical services to the Patient—UAA contacted Cerner, or its authorized agents, who pre-authorized the air ambulance transport.

15.     UAA representatives were verbally assured that air ambulance services for the Patient were a covered benefit under the Plan.

16.     On or about March 21, 2017, relying on the confirmation of eligibility and authorization and promises to pay, UAA transported the Patient from Phoenix Children's Hospital in Phoenix, Arizona to Boston Children's Hospital in Boston, Massachusetts.

17.     UAA submitted a claim to be paid for the medically-necessary air ambulance services provided to the Patient, and Defendants denied the claim, stating that the services were not medically necessary.

18. UAA appealed that decision and after an extended and unlawful delay, on or about August 8, 2017, Defendant HealthPlan sent written confirmation of the Patient's eligibility for benefits under the Plan and that the air ambulance services were medically necessary (the "Confirmation").

19. In reliance on the prior representations and on the Confirmation, on or about August 16, 2017, UAA submitted its claim to Defendants (or their agents) for the air ambulance services provided on March 21, 2017, including the services of a mobile hospital, preparation, and staff, all in accordance with its standard charges.

20. On or about August 24, 2017, Stratose, as the agents of the Defendants and on behalf of Defendants, tendered a Provider Agreement which contained an offer and promise to pay UAA for the services rendered to the Patient for a discounted rate of $600,000.00.

21. On or about August 24, 2017, UAA signed and accepted the offer contained in the Provider Agreement and returned the signed agreement to Stratose pursuant to the instructions contained on the agreement. A copy of the negotiated Provider Agreement is attached hereto as **Exhibit A**.

22. Upon information and belief, GlobalCare is the payor under the terms of the Provider Agreement.

23. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

**COUNT I – BREACH OF CONTRACT**

**(All Defendants)**

24. UAA re-alleges the allegations of the foregoing paragraphs as though fully stated herein.

25. By pre-authorizing and agreeing to pay for the services rendered to the Patient on March 21, 2017, and by entering into the negotiated Provider Agreement

relating to those services, Defendants are obligated to make payment according to the Provider Agreement.

26.    UAA accepted the offer to pay for the services rendered to the Patient by (i) providing the requested services; (ii) returning the executed Provider Agreement; (iii) accepting a reduction in the billed charges; and (iv) agreeing not to bill the Patient for any balance left unpaid after payment was received pursuant to the Provider Agreement.

27.    UAA has fully performed all of its obligations in this matter.

28.    All conditions of the Provider Agreement were satisfied.

29.    Defendants breached their agreement with UAA by failing pay the amount set forth in the Provider Agreement.

30.    As this action arises out of contract, UAA is entitled to recover its costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (All Defendants)

31.    UAA re-alleges the allegations of the foregoing paragraphs as though fully stated herein.

32.    Defendants owed UAA a duty of good faith and fair dealing implicit in the contractual relationship entered into by the Parties.

33.    Defendants breached this duty by (i) refusing and failing to pay for the provided services pursuant to the Provider Agreement; and (ii) attempting, after the fact, to claim the air ambulance services were not medically necessary when they previously determined the services were medically necessary.

34.    As a direct and proximate result of Defendants' breach, UAA suffered and continues to suffer harm in an amount to be proven at trial, but not less than the amount

Defendants promised to pay under the Provider Agreement.

35.     As this action arises out of contract, UAA is entitled to recover its costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

## COUNT III – PROMISSORY ESTOPPEL
### (All Defendants)

36.     UAA re-alleges the allegations of the foregoing paragraphs as though fully stated herein.

37.     Defendants represented to UAA that UAA would be paid for its services if it provided medically-necessary air ambulance services to the Patient on March 21, 2017.

38.     UAA reasonably relied on the representations of Defendants when it provided medically-necessary air ambulance services to the Patient on March 21, 2017, and, later, when it accepted the offered Provider Agreement.

39.     Despite (i) inducing UAA to provide medically-necessary air ambulance services to the Patient on March 21, 2017, by representing that medically-necessary air ambulance services were covered under the Plan, and (ii) inducing UAA to reduce the amount of its claim and agree not to bill the Patient for the balance by representing they would pay for emergency air services provided to the Patient if UAA accepted the offered Provider Agreement, Defendants have refused and failed to pay for such services.

40.     Defendants are estopped from refusing and failing to pay for the services because UAA already provided the services in reliance upon the representations of Defendants.

41.     UAA has been damaged by Defendants' refusal and failure to pay for the emergency air services provided to the Patient on March 21, 2017.

## COUNT IV – UNJUST ENRICHMENT/*QUANTUM MERUIT*
### (All Defendants)

42.     UAA re-alleges the allegations of the foregoing paragraphs as though fully

stated herein.

43.     UAA performed the medically-necessary air ambulance services in good faith.

44.     Defendants knew or should have known that UAA was providing the medically-necessary air ambulance services to the Patient pursuant to Defendant's express or implied representation that said services were covered under the Plan.

45.     UAA performed the medically-necessary air ambulance services with the expectation of being compensated for those services.

46.     By providing the medically-necessary air ambulance services to the Patient on March 21, 2017, UAA conferred a benefit upon Defendants, as Defendants were obligated under the Plan to pay for medically-necessary services.

47.     By authorizing UAA to provide the medically-necessary air ambulance services to the Patient on March 21, 2017, and representing that they would pay for such services, Defendants voluntarily accepted and retained the benefit conferred upon them.

48.     Defendants have been unjustly enriched by receiving the benefit of UAA's medically-necessary services to the Patient, which Defendants were obligated to provide.

49.     Under the circumstances, it would be inequitable for Defendants to retain the benefits conferred upon them without paying the value thereof to UAA.

50.     UAA is entitled to recover from Defendants in *quantum meruit* for the reasonable value of its services, which are at least $600,000.00.

## COUNT V – DECLARATORY JUDGMENT

### (All Defendants)

51.     UAA re-alleges the allegations of the foregoing paragraphs as though fully stated herein.

52.     On or about February 21, 2017, Defendants, or their authorized agents, represented to UAA that emergency and/or medically-necessary air ambulance services

were a covered benefit under the Plan.

53.     On March 21, 2017, Plaintiff provided the medically-necessary air ambulance services to Patient, relying on Defendants' express or implied representation that such services were covered and would be paid for.

54.     After Defendants denied UAA's initial claim and UAA appealed the decision on behalf of the Patient, on or about August 8, 2017 Defendants issued a Confirmation admitting that the air ambulance services were medically necessary under the terms of the Plan.

55.     On or about August 24, 2017, Defendants, by and through their authorized agents, offered the Provider Agreement to UAA with an offer and terms under which they would pay UAA for the medically-necessary air ambulance services.

56.     On or about August 24, 2017, UAA signed the Provider Agreement and accepted the terms of Defendants' offer.

57.     Declaratory judgment is appropriate because the facts are undisputed and UAA is entitled to receive the payment agreed to by the parties in the Provider Agreement.

58.     Declaratory judgment is appropriate because it will terminate the controversy giving rise to these proceedings.

**WHEREFORE**, UAA demands judgment against Defendants as follows:

      (a)    For declaratory judgment that Defendants, jointly and severally, are obligated to pay Plaintiff in accordance with the Provider Agreement; and

      (b)    For an award of direct and consequential damages in an amount to be proven at trial; and

(c)     For an award of pre-judgment and post-judgment interest on all sums at the highest rate allowed by law; and

(d)     For an award of attorneys' fees pursuant to A.R.S. §12-341 and 12-341.01; and

(e)     For such other and further relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues triable by jury.

DATED this 31st day of October, 2017.

BUNTROCK HARRISON & GARDNER LAW, PLLC

 /s/ Shane D. Buntrock
Shane D. Buntrock, Esq.
shane@bhglaw.com
Devon Miller, Esq.
devon@bhglaw.com
2158 N. Gilbert Road, Suite 119
Mesa, Arizona 85203-2111
*Attorneys for Plaintiff*

9